UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEHUDAH TZIYON KEISH MILCHAMOT,

                Petitioner,

    -against-

NEW YORK CITY DEPT. OF CORRECTIONS,

                Respondent.

25-CV-4971 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

    Petitioner, who is currently held in the Otis Bantum Correctional Center on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. Petitioner challenges ongoing criminal proceedings in the Bronx Supreme Court charging him with attempted murder in the second degree.[1] Petitioner appears to seek dismissal of the charges against him on the ground that his right to a speedy trial has been violated. (ECF 1 at 7.) He also cites the Detainee Treatment Act of 2005, the Uniform Code of Military Justice, and the 1863 Enrollment Act. (*Id.* at 6.) By Order dated June 23, 2025, ECF No. 4, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). The Court denies the petition for the reasons set forth below.

**STANDARD OF REVIEW**

    A state pretrial detainee may challenge the legality of his detention in a petition for a writ of *habeas corpus*, on the ground that "[h]e is in custody in violation of the Constitution or laws

---

[1] According to the "Person in Custody Lookup Service" on the New York City Department of Corrections website, https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf, Petitioner was arrested on October 11, 2024 and has remained in custody since his arrest.

or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and to "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

The Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (noting that the obligation to construe *pro se* pleadings liberally extends to the review of *habeas corpus* petitions). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

**A.   *Habeas Corpus* Relief**

Petitioner seeks relief in his state court criminal proceeding. (ECF No. 1 at 3.) In some circumstances, a state pretrial detainee may challenge the constitutionality of his detention in federal court, in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). A Section 2241 petition cannot, however, be used to "derail[] . . . a pending state proceeding by . . . attempt[ing] to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638, 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) (noting that federal *habeas*

*corpus* is not to be converted into a "pretrial motion forum for state prisoners" (quoting *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982))).

Before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*

In New York, a pretrial detainee can raise speedy trial claims in state court. *See, e.g.*, *Parrish v. Lee*, No. 10-CV-8708, 2015 WL 7302762, at *12 (S.D.N.Y. Nov. 18, 2015) (Karas, J.) (noting that a detainee may assert that he has been denied his Sixth Amendment right to a speedy trial by raising a claim in state court under N.Y. Crim. Proc. Law § 30.20). Because Petitioner does not assert that he has exhausted this or any other available state-court remedies, the Court cannot consider the instant application. *See Scranton,* 532 F.2d at 296 (holding that pretrial detainee challenging denial of speedy trial rights was not entitled to *habeas corpus* relief because she had not exhausted available state remedies).

B.   *Younger* **Abstention**

Even if Petitioner had exhausted his state court remedies, the Court cannot intervene in his pending state court criminal proceeding. In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding

in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *Id.* at 53-54; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a . . . pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir. 2025) ("The *Younger* abstention doctrine embodies the longstanding public policy against federal court interference with state court proceedings." (internal quotation marks and citation omitted)).

Bad faith or harassment exists when the party bringing the state court action has "no reasonable expectation of obtaining a favorable outcome." *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9 (N.D.N.Y. Oct. 2, 2023) (holding that plaintiff's claim that "his neighbors' complaints which led to the charges were false" was insufficient to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state court matters" (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022))), report and recommendation adopted, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023); *DeMartino v. N.Y. State Dep't of Lab.*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that plaintiff's allegations that the state administrative charges against him were based on defendant's false statements did not "serve as the factual predicate for a plausible finding of bad faith").

Here, Petitioner has asserted no facts showing bad faith, harassment, or irreparable injury with respect to his pending state court criminal proceeding. The Court therefore declines to

intervene in that proceeding and denies the Section 2241 petition under the doctrine of *Younger* abstention.

**C.     Leave to Amend Is Denied**

District courts generally grant a *pro se* petitioner an opportunity to amend a petition to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Petitioner cannot cure the defects in his petition with an amendment, the Court declines to grant Petitioner leave to amend.

Petitioner has filed multiple *habeas corpus* petitions seeking this Court's intervention in the same Bronx Supreme Court criminal proceeding, and he has been informed that exhaustion is required before he can seek *habeas corpus* relief. Moreover, Petitioner has been previously warned that he could face a filing injunction if he continues to engage in "further vexatious, frivolous, or otherwise nonmeritorious *habeas corpus* litigation[.]" *Milchamot v. Chief Bronx Dist. Atty.*, No. 25-CV-1157 (S.D.N.Y. Mar. 31, 2025) (Cronan, J.), ECF No. 9. This Court repeats and adopts that warning.

**CONCLUSION**

The Court denies Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2241 and repeats the warning issued in *Milchamot v. Chief Bronx Dist. Attorney*, No. 25-CV-1157 (S.D.N.Y. Mar. 31, 2025) (Cronan, J.).

Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: July 11, 2025
New York, New York

/s/Kimba M. Wood
KIMBA M. WOOD
United States District Judge

6