UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YEHUDAH TZIYON KEISH MILCHAMOT,

                Petitioner,

   -against-

NEW YORK CITY DEPT. OF CORRECTIONS,

                Respondent.

25-CV-4971 (KMW)

ORDER

---

KIMBA M. WOOD, United States District Judge:

      Petitioner Yehudah Milchamot brought a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his ongoing criminal proceedings in Bronx County, New York. By Order dated July 11, 2025, ECF No. 5, the Court denied the petition because Petitioner had not alleged facts showing: (1) that he had exhausted state court remedies before seeking *habeas corpus* relief in federal court, and (2) that circumstances warranted federal court intervention in his ongoing state court criminal proceedings. *See Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir. 2025) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)).  The Court dismissed the action, and the Clerk of Court entered judgment on July 15, 2025, ECF No. 6.

      On August 13, 2025, the Court received from Petitioner a motion for reconsideration, challenging the Court's July 11, 2025 order denying the petition.  Petitioner asserts his innocence of the criminal charges, and claims that the Bronx County District Attorney's Office, his landlord, and the New York City Police Department "hate Jews" and have been "conspiring to falsify charges against [him] for 3 years now." (ECF No. 7 at 3-4.) He seeks an "order for release or a bail motion." (*Id.* at 1.)  Attached to the motion for reconsideration is a printout from the New York State Unified Court System, noting that a judge in the Bronx County Supreme

Court denied an unspecified motion on May 7, 2025.[1] (*Id.* at 6.) There is no indication that Petitioner appealed the denial of what appears to be a state court *habeas corpus* petition to the Appellate Division or the New York State Court of Appeals.[2]

The Court liberally construes Petitioner's submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating that the solicitude that courts afford to *pro se* litigants takes a variety of forms, including liberal construction of pleadings, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Petitioner's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time

---

[1] Petitioner refers to another *habeas corpus* petition that he filed in this court. *See Milchamot v. Warden of O.B.C.C.*, No. 25-CV-2979 (S.D.N.Y. May 27, 2025) (Swain, C.J.), ECF No. 10 (denying petition filed under 28 U.S.C. § 2254 and declining to construe it as a Section 2241 petition). (ECF No. 7 at 6.) After the court dismissed that matter without prejudice, Petitioner filed several motions and other documents, which remain pending.

[2] Petitioner has filed multiple *habeas corpus* petitions seeking this Court's intervention in the Bronx Supreme Court criminal proceeding, and he has repeatedly been informed that exhaustion of state court remedies is required before he can seek *habeas corpus* relief, and that federal court intervention in ongoing state court criminal matters is available in only the most extreme circumstances. *Milchamot v. Chief Bronx Dist. Atty.*, No. 25-CV-1157 (S.D.N.Y. Mar. 31, 2025) (Cronan, J.), ECF No. 9.

> to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). Where a petitioner challenges the denial of a post-conviction petition in a motion brought under Rule 60(b), "relief . . . is available . . . only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Even under a liberal interpretation of Petitioner's motion, the Court finds that Petitioner has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Although Petitioner's August 13, 2025 submission appears to suggest that an unspecified motion was denied in Bronx Supreme Court, Petitioner has not shown that he has fully exhausted state court remedies by appealing that denial to the Appellate Division and/or the New York Court of Appeals. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") Accordingly, the Court denies Petitioner's motion under Rule 60(b)'s first five clauses.

To the extent that Petitioner seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "extraordinary circumstances

[exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (internal quotation marks and citation omitted).

Petitioner has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). His challenges to his ongoing criminal proceedings must be advanced in those proceedings where Petitioner is represented by counsel. Because this court is a federal court, Petitioner can file only a *federal* writ of *habeas corpus* here. As the Court discussed in its July 11, 2025 Order, before Petitioner can file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, he must first exhaust all available state court remedies. For these reasons, the Court denies Petitioner's motion for reconsideration.

Petitioner has been previously warned that he could face a filing injunction if he continues to engage in "further vexatious, frivolous, or otherwise nonmeritorious *habeas corpus* litigation[.]" *Milchamot v. Chief Bronx Dist. Atty.*, No. 25-CV-1157 (S.D.N.Y. Mar. 31, 2025) (Cronan, J.), ECF No. 9 at 5. This Court repeats and adopts that warning.

## CONCLUSION

The Court denies Petitioner's motion for reconsideration, brought in his August 13, 2025 submission. (ECF No. 7.)

This matter is closed.

No further documents may be filed in this case, except a notice of appeal to the United States Court of Appeals for the Second Circuit. If Petitioner files other documents that are frivolous or meritless, the Court may direct Petitioner to show cause why he should not be barred from filing further documents in this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 19, 2025
         New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

5